IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SODEXHO LAUNDRY SERVICES, INC. ) <br> and GULF COAST LINEN SERVICES, INC. ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION NO. <br><br><br> COMPLAINT <br> JURY TRIAL DEMAND <br><br> INJUNCTIVE RELIEF REQUESTED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female (pregnancy), national origin (Haitian) and race (Black) and to provide appropriate relief due to Genise Pierre, who was adversely affected by such practices. As stated with greater particularity in the paragraphs below, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendants subjected Ms. Pierre to different terms and conditions of employment and ultimately constructively discharged her because of her sex (pregnancy), her national origin (Haitian) and her race (Black).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Ft. Myers Division.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Sodexho Laundry Services, Inc. has continuously been a Delaware corporation, doing business in the State of Florida and the City of Immokalee and has continuously had at least 15 employees.

5. At all relevant times, Defendant Sodexho Laundry Services, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Gulf Coast Linen Services, Inc. has continuously been a Florida corporation, doing business in the State of Florida and the City of Immokalee and has continuously had at least 15 employees.

7. At all relevant times, Defendant Gulf Coast Linen Services, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Genise Pierre filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least September 2005, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a), including without limitation, the following:

    a. Genise Pierre began working for Defendants on or about October 21, 2004 as a linen room attendant.

    b. After experiencing pregnancy related medical complications, Mrs. Pierre's physicians placed her on lifting restrictions.

    c. Mrs. Pierre requested an alternate assignment which would allow her to work in accordance with these lifting restrictions.

    d. Defendants, through their Plant Manager, Rafael Garcia, refused to give her an alternate assignment. Due to Mrs. Pierre's medical restrictions, she was unable to perform her assignment and was forced to resign.

    e. Defendants have and continue to give White Hispanic females alternate work assignments when pregnant.

10. The effect of the unlawful employment practices complained of above has been to deprive Genise Pierre of equal employment opportunities, and otherwise adversely affect her status as an employee because of her sex, race and national origin.

11. The unlawful employment practices complained of above were intentional.

12.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Genise Pierre.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in sex, pregnancy, race and national origin discrimination in employment practices at their facilities.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black Haitian women which eradicate the effects of their past and present unlawful employment practices.

C.     Order Defendants to make whole Genise Pierre by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to, reinstatement, rightful-place hiring, and front pay.

D.     Order Defendants to make whole Genise Pierre by providing compensation for past and future pecuniary losses resulting from the employment practices described in paragraph nine (9) above, including but not limited to, out-of-pocket losses, medical expenses and job search expenses, in amounts to be determined at trial.

E.     Order Defendants to make whole Genise Pierre by providing compensation for past and future nonpecuniary losses resulting from the employment practices described in paragraph nine (9) above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.	Order Defendants to pay punitive damages for their malicious and reckless conduct described in paragraph nine (9) above, in an amount to be determined at trial.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,


RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

NORA E. CURTIN
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2 South Biscayne Boulevard, Suite 2700
Miami, Florida 33131
Tel. (305) 808-1789
Fax (305) 808-1835
nora.curtin@eeoc.gov


/s/ Jessica L. Jiménez
Jessica L. Jiménez
Trial Attorney
New York Bar No. 4297560
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2 South Biscayne Boulevard, Suite 2700
Miami, Florida 33131

Tel. (305) 808-1783  
Fax (305) 808-1835  
jessica.jimenez@eeoc.gov